[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12978
Non-Argument Calendar

_____

D.C. Docket No. 1:14-cv-01046-RWS


PLAYNATION PLAY SYSTEMS, INC.,
d.b.a. Gorilla Playsets,

                                          Plaintiff - Appellee,

versus

VELEX CORPORATION,
d.b.a. Gorilla Gym,

                                          Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 1, 2021)

Before WILSON, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Defendant-Appellant Velex Corporation appeals the district court's order refusing to admit new evidence to the record after our previous remand, and awarding Plaintiff-Appellee PlayNation an accounting of profits under the Lanham Act, 15 U.S.C. § 1117.

## I.

This is the third time we have considered this case on appeal. In 2014, PlayNation sued Velex for trademark infringement under 15 U.S.C. § 1114(1)(a) and for unfair competition and false designation under 15 U.S.C. § 1125(a). PlayNation sells children's outdoor playground equipment and brands this equipment as "Gorilla Playsets." At the time PlayNation brought this suit, Velex branded some of its equipment—indoor pull-up bars, swings, and other similar accessories for children—with the name "Gorilla Gym." During a three-day bench trial, PlayNation contended that Velex's Gorilla Gym products infringed upon its trademarked Gorilla Playsets. Velex claimed that its equipment was not for play, but rather for children to engage in core exercises. Nevertheless, Velex used Google's AdWords program so that its products would appear on Google when a consumer would search "Gorilla Playsets" and other similar terms.[1]

---

[1] Google AdWords is a program where companies can pay to have their products advertised on a search list when certain keywords are entered.

2

These facts, among many others, were established during the bench trial and led the district court to enter a judgment in favor of PlayNation. It found that Velex infringed on PlayNation's trademark, ordered Velex to pay PlayNation $150,188.00 for willful infringement, cancelled Velex's trademark registration, and entered a permanent injunction against it. *Playnation Play Sys., Inc. v. Velex Corp.*, 325 F. Supp. 3d 1354 (N.D. Ga. 2017).

Velex appealed. We affirmed the district court's holding except with respect to its award of damages. *PlayNation Play Sys., Inc., v. Velex Corp.*, 924 F.3d 1159, 1171 (11th Cir. 2019) (*PlayNation I*). In remanding this issue, we stated:

> There may have been other evidence of willfulness, but the district court did not rely on it in its decision. The district court also relied solely on the willfulness theory to support its accounting of profits. The other two theories for supporting an accounting of profits, deterrence and unjust enrichment, do not depend "upon a higher showing of culpability on the part of defendant, who is purposely using the trademark." Remand is appropriate so that the district court may consider whether other evidence of willfulness exists and whether those alternative theories support an accounting of profits.

*Id.* (citation omitted).[2]

Velex attempted to admit new evidence on remand to demonstrate its compliance and the costs it incurred related to the district court's injunction. It

---

[2] After *PlayNation I*, the district court entered a judgment of civil contempt against Velex and its officers for not complying with the permanent injunction. On appeal, we affirmed the district court's judgment of civil contempt. *PlayNation Play Sys., Inc. v. Velex Corp.*, 939 F.3d 1205 (11th Cir. 2019) (*PlayNation II*).

also argued that an accounting of profits was not warranted. PlayNation claimed

an accounting of profits was warranted and that the district court should reconsider

the amount of money awarded. The district court denied Velex's attempt to

supplement the record and found that under theories of unjust enrichment or

deterrence Velex should pay PlayNation $150,188.00.[3] Velex appeals the district

court's order.

## II.

We review an award of damages under the Lanham Act for an abuse of

discretion. *See Burger King Corp. v. Mason*, 855 F.2d 779, 781 (11th Cir. 1988)

(per curiam). Similarly, a district court's ruling on the admissibility of evidence is

reviewed for abuse of discretion. *Piamba Cortes v. Am. Airlines, Inc.*, 177 F.3d

1272, 1305 (11th Cir. 1999).

## III.

"[D]istrict courts enjoy broad discretion in deciding how best to manage the

cases before them." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366

(11th Cir. 1997). This includes a district court's ruling on the admissibility of

evidence. *Piamba Cortes*, 177 F.3d at 1305. "[E]videntiary rulings will be

---

[3] The district court refused to reconsider the amount of profits Velex should pay PlayNation. PlayNation did not cross-appeal this issue and therefore we do not address it in this opinion.

overturned only if the moving party establishes that the ruling resulted in a 'substantial prejudicial effect.'" *Id.*

Velex claims that the district court abused its discretion in not allowing it to introduce new evidence on remand. It argues that the district court should consider evidence of its post-trial behavior in determining if an accounting of profits is appropriate. Velex further argues that limiting the evidence is inappropriate because the bench trial occurred more than three years ago, and the record does not reflect the current circumstances. Specifically, it does not demonstrate how Velex has spent a lot of money to comply with the court-ordered injunction. Moreover, Velex claims that the district court considered some post-trial facts on remand but refused to admit the evidence Velex tried to include and that the court cannot arbitrarily choose to consider some but not all such facts.

For further support, Velex points out that in *PlayNation I* we used the present tense in ordering a remand: "Remand is appropriate so that the district court may consider whether other evidence of willfulness *exists* and whether those alternative theories support an accounting of profits." 924 F.3d at 1171 (emphasis added). Velex claims that this language was effectively a "mandate" to supplement the record on remand.

We are not persuaded by Velex's arguments. As an initial matter, the language in *PlayNation I* permitting the district court to "consider whether other

evidence . . . exists" did not mandate the district court to consider new evidence. *See id.* In fact, earlier in the same paragraph, we used the past tense, stating: "There *may have been* other evidence of willfulness, but the district court did not rely on it in its decision." *Id.* (emphasis added). At most, this paragraph from *PlayNation I* permitted, but did not mandate, the district court to consider new evidence on remand.

The district court did not abuse its discretion in rejecting Velex's attempts to introduce new evidence.[4] The Lanham Act "confers broad discretion upon the district court to fashion the assessment of damages 'according to the circumstances of the case.'" *Burger King*, 855 F.2d at 782. When assessing damages and the circumstances of the case, "it is the character of the conduct surrounding the infringement that is relevant." *Id.* Here, Velex sought to introduce evidence of the costs it incurred post-infringement in complying with the court-ordered injunction. Thus, this evidence is likely irrelevant. *See id.*

Because district courts "enjoy broad discretion in deciding how best to manage the cases before them," and Velex provided no adequate support for its position, we find that the district court did not abuse its discretion in rejecting

---

[4] Additionally, Velex's argument that the district court arbitrarily considered some, but not all, post-trial evidence misconstrues the district court order. The order did not state that the district court would not consider any post-trial evidence, it merely refused to admit new evidence into the record on remand. These sort of decisions—whether to admit new evidence—are within the district court's discretion. *See Piamba Cortes*, 177 F.3d at 1305.

Velex's attempts to introduce new evidence in the record.  *See Chudasama*, 123 F.3d at 1366.  Therefore, we affirm as to this issue.

## IV.

Next, we consider Velex's argument that the court erred in granting an accounting of profits.  Velex claims that neither of the theories the district court relied on—unjust enrichment or deterrence—are applicable here.[5]

Under the Lanham Act, "the district court [has] a wide scope of discretion to determine the proper relief due an injured party."  *Burger King*, 855 F.2d at 781.  "An accounting of a defendant's profits is appropriate where: (1) the defendant's conduct was willful and deliberate, (2) the defendant was unjustly enriched, or (3) it is necessary to deter future conduct."  *PlayNation I*, 924 F.3d at 1170; *see also* 15 U.S.C. § 1117.   The district court found that an accounting of profits was available under either an unjust enrichment theory or a deterrence theory.

First, Velex argues that the district court misinterpreted the Supreme Court's holding in *Romag Fasteners, Inc. v. Fossil, Inc.*, 140 S. Ct. 1492 (2020), which resulted in the district court applying the wrong legal standard.  Velex says that the district court was incorrect in finding that a defendant's mental state is "relevant" to assigning an appropriate remedy.  In reality, the Supreme Court said the inquiry

---

[5] Velex argues that the new evidence it wanted to introduce would help demonstrate that neither unjust enrichment nor deterrence are applicable here.  Because we already affirmed the district court's denial of this new evidence, we do not address Velex's related arguments.

was "highly important." *Id.* at 1497. Thus, according to Velex, the district court abused its discretion because it applied the wrong legal standard in determining the required mental state under the Lanham Act.

Velex's misconstrues the district court order here. The district court correctly outlined *Romag*'s holding: a court need not find willfulness in order to award profits under the Lanham Act. *See id.* ("Given these traditional principles, we do not doubt that a trademark defendant's mental state is a highly important consideration in determining whether an award of profits is appropriate. But acknowledging that much is a far cry from insisting on the inflexible precondition to recovery [the defendant] advances."). Thus, because willfulness is not required, any alleged error on behalf of the district court is one of semantics and does not rise to an abuse of discretion.

Next, Velex directly challenges the district court's analysis regarding unjust enrichment and deterrence. Velex argues that the district court improperly conflates the doctrines of unjust enrichment and trademark infringement. It claims that the district court's stated reasons for deterrence are unsupported and contrary to law.[6] Velex says that the district court could not have found that Velex's use of

_____

[6] Velex also claims that the district court violated Federal Rule of Civil Procedure 52, which requires a court to support its findings of fact with citations to the record. Because we find that the district court order was sufficient to review, we reject Velex's argument. *See United States v. $242,484.00*, 389 F.3d 1149, 1154 (11th Cir. 2004) (en banc) ("We 'do not insist that trial courts make factual findings directly addressing each issue that a litigant raises, but instead adhere to

Google AdWords was evidence of bad faith because the program is legal.

According to Velex, this is a legal error as a lawful action cannot be used as

evidence of bad faith. Velex also claims that the district court failed to recognize

that the products at issue—PlayNation's outdoor playsets and Velex's indoor

fitness equipment—differ. Therefore, Velex says that the district court's finding

that it acted in bad faith when it attempted to differentiate the two brands was

incorrect.

The district court did not abuse its discretion in awarding an accounting of

profits under a theory of deterrence.[7] Velex misunderstood the district court's

order. From our reading of the order, the district court did not find that Velex's

use of Google AdWords alone demonstrated bad faith. Instead, it found that the

fact Velex used Google AdWords to bid on the term "Gorilla Playsets," as well as

other similar play-related terms, is at odds with Velex's continued position that its

products were children's fitness equipment, not playsets or play equipment. It was

the combination of these facts that led the district court to find a need for

deterrence. Thus, the district court did not "convert a lawful act into an unlawful

---

the proposition that findings should be construed liberally and found to be in consonance with the judgment, so long as that judgment is supported by evidence in the record.'").

[7] Because the district court made alternative findings—that an accounting of profits was appropriate under either a theory of unjust enrichment or deterrence—affirming as to one of these findings is sufficient here. *See PlayNation I*, 924 F.3d at 1170 (finding that a court can award profits under the Lanham Act if it finds willfulness, unjust enrichment, *or* deterrence).

act," it merely considered the circumstances as a whole to find that an accounting of profits was necessary to deter future conduct.

Because district courts are afforded great deference in making these decisions, and because the district court clearly articulated its reasons for finding a need for deterrence, we affirm its award of damages in the amount of $150,188.00.

## V.

For the forgoing reasons, the district court did not abuse its discretion in rejecting Velex's efforts to supplement the record or in awarding an accounting of profits.  Accordingly, the district court's order is affirmed.

**AFFIRMED.**